JOSEPH NAGY AND HARRY THOMPSON, PLAINTIFFS, v. GERARD C. MANZIANO, TRADING AS METUCHEN TAXICAB COMPANY, AND EUGENE BYRNE, DEFENDANTS.

Submitted May term, 1930—Decided January 22, 1931.

Before. Justices CASE and DONGES.

For the plaintiffs-respondents, *David T. Wilentz.*

For the defendants-appellants, *George F. Seymour, Jr.*

PER CURIAM.

Plaintiff Thompson is out of the case by a voluntary nonsuit. Nagy received a jury verdict for $12,500 against both defendants. The case comes to us on rule to show cause, allowed at the Middlesex Circuit, why a new trial should not be granted. The points argued are (1) that the verdict was contrary to the weight of the evidence and (2) that the damages are excessive.

The action arose out of an automobile collision at the juncture of the Lincoln Highway and a road leading to

Perth Amboy. There is evidence to sustain a finding that Nagy, driving a car of which he was the owner, came from the direction of Perth Amboy, approached the Lincoln Highway, stopped at the sign at that thoroughfare, proceeded to turn into the Lincoln Highway, reached a position on plaintiff's right thereof and was there hit by a taxicab, owned by defendant Manziano and driven by defendant Byrne, while the latter car was traveling on its own left side of the highway. We consider that the question of liability was manifestly one for the jury and that the disposition thereof is supported by the evidence.

We believe, however, that the verdict was excessive. The accident occurred June 17th, 1929. Plaintiff returned to his work September 30th, 1929, and has since continued without interruption. His wages were paid in full during his absence. The same wage was maintained after his return as before. The only money outlay proved was $735 for doctors' bills and X-ray costs. There is evidence of a diminished acuteness in the hearing of one ear and of a compression fracture of two of the vertebræ that should receive care for a period and that will somewhat impair the process of bending the body toward the floor; and there is evidence also of occasional visitations of dizziness. Suit was instituted within a month and a half after the accident and brought to trial five and one-half months thereafter. The proofs do not justify an assumption that the ultimate impairment will be substantially greater than it was at the latter date.

Our conclusion is that the judgment below may stand if the plaintiff will consent to the reduction of the verdict to the amount of $7,500; that otherwise the rule may be made absolute.